VARNER vs. THE STATE OF GEORGIA.

Where one is seeking to steal the property of another, it is lawful for
the owner of the property to furnish opportunities to the intended
thief, and thereby entrap him.

(a.) The accused, desiring to steal cotton, applied to another for the
use of his wagon; the person so applied to informed the owner,
who instructed him to let the accused have the wagon, and go
with him, in order to catch him, if he attempted to carry out his
purpose; this was done; the defendant left the wagon and placed
his hand upon a bale of cotton, when the owner and others
concealed near by arrested him:

Held, that the accused was guilty of an attempt to commit larceny.
The animus furandi was not affected by the conduct of the owner.
April 8, 1884.

Criminal Law. Larceny. Before Judge LAWSON. Mor-
gan County. At Chambers. January 2, 1884.

Reported in the decision.

CALVIN GEORGE, by J. C. REED, for plaintiff in error.

ROBERT WHITFIELD, solicitor general, by J. H. LUMPKIN,
for the state.

BLANDFORD, Justice.

The plaintiff in error was placed on trial in the county
court of Morgan county, charged with the offense of attempt
to commit a larceny. The evidence showed that the defend-
ant was preparing to steal certain cotton of the prosecu-
tor. He applied to one Joe Shy for the use of his wagon.
Shy informed prosecutor, who told him to let the accused
have the wagon, and to go with him, and to keep him, prose-
cutor, informed, so that he could catch the accused, if he
attempted to carry out his purpose, which Shy did. The
prosecutor and several others went to the gin-house. The
defendant drove to the gin-house, and went up to and
placed his hands on the cotton when prosecutor arrested
him.

The county judge, among other things, instructed the jury, "that if they believed from the evidence that the accused first approached Joe Shy and proposed to take the cotton, and the latter consented, but reported the fact to Akens, the owner, the prosecutor, who directed Shy to go with the accused and let him have the wagon and mules, and did go with him for the cotton, but the accused was frustrated in the design, then he was guilty of an attempt to commit larceny."

The accused was found guilty, and presented his petition for a writ of *certiorari*, alleging as error the charge of the court hereinbefore set forth. .The judge of the superior court dismissed the application for *certiorari*, and affirmed the ruling of the county court, and this judgment is assigned as error,

One who is trying to steal the property of another is in the condition of a beast of prey, and it is as lawful to trap such a person as it is the beast of prey.

The question in such a case, as regards the defendant, is as to the *animus furandi* with which he acts. What was the purpose of defendant in going to prosecutor's gin-house? Was it his purpose to steal the cotton of prosecutor? If it was, he is guilty, and it would seem that the conduct of the prosecutor could have but little effect upon the crime; and such was, in effect, the ruling of this court in 35 *Ga.*, 247.*

Let the judgment of the court below stand affirmed.

---

*On the subject of traps to catch thieves, and to what extent they may be carried, see 55 *Ga* , 391 *et seq.*; 1 Bish. Crim. Law, ?262, and citations; 2 Bailey (S. C.), 569; 2 East P. C., 666, (2  B  & P., 508) ; 2 Car. & K., 195, 628; 1 Car. & M., 220 (41 E. C. L., 124), 1 Curt. C. C., 364; 18 Ind., 386.  (Rep.)